# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED RICHARDSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORIZON HEALTH CARE, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00684-LJO-BAM-PC<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jared Richardson ("Plaintiff") is a state prisoner and proceeds in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action while detained in the Fresno County Jail. Plaintiff's complaint, filed on May 18, 2017, is currently before the Court for screening.

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Allegations in Complaint

Plaintiff is currently housed at Salina Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed in the Fresno County Jail. Plaintiff names the following defendants in their individual and official capacities: (1) LVN M. Akioyame; (2) Nurse Supervisor Duke Gonzales; (3) Supervising Nurse H. Mehlhoff; (4) LMFT M. Stribling; (5) LMFT Lucas; (6) LVN B. Turk; (7) Psychiatric Nurse M. Vang; (8) Harold R. Turl, Ph.D; (9) LMFT Edward Crossman; (10) Dr. Qadam; (11) Captain J. Horton; (12) Lieutenant Duran; (13) Captain Vegas; (14) Sergeant B. Moreno; (15) Assistant Sheriff Gattie; (16) Sheriff M. Mims.

<u>Background Allegations</u>

Plaintiff alleges as follows: Since November 16, 2015, Plaintiff filed numerous Corizon Health Request forms requesting gender affirmative health care. On December 18, 2015, Plaintiff filed a grievance, which came back sustained, but failed to acknowledge Plaintiff's

2

request for gender affirming health care. Dissatisfied with the response, Plaintiff appealed explaining that Corizon Health Care would not address Plaintiff's medical need.

On January 20, 2016, Plaintiff filed a grievance indicating he was under a lot of stress and wanted to speak to an official regarding medical mistreatment. On February 29, 2016, Defendant Turl ignored Plaintiff's gender affirming treatment request. The grievance was not sustained. Although Plaintiff was seen by a psychiatrist, Plaintiff's depression from gender dysphoria was not treated.

On April 29, 2016, Plaintiff received a response to his December 2015 grievance. Plaintiff was told that the request for hormone replacement therapy was ignored because of Corizon's policy not to initiate hormone replacement therapy, only continue gender affirming health care.

On June 17, 2016, Plaintiff expressed in a grievance that he was tired of feeling depression, anxiety, and self-hatred, causing Plaintiff to inflict harm on himself. Plaintiff received no reply.

On July 23, 2016, Plaintiff submitted a fourth grievance expressing that he was feeling extremely upset and not able to eat, exercise or shower without inflicting harm to himself afterward. Plaintiff felt disconnected. That night, Plaintiff was seen by a Corizon employee, but told that he would not get any form of gender affirming health care.

On January 21, 2017, Plaintiff started filing medical requests to be evaluated by a "psych." (ECF No. 1 at p. 3.)

On February 22, 2017, during a 30-day review, Plaintiff reported that he had not been seen by a psych yet, his anti-depressants were not working, his anxiety had worsened, he suffered from severe depression and he was feeling extremely paranoid. Plaintiff requested a medication adjustment.

On March 7, 2017, Plaintiff requested to be evaluated for a serious medical need.

On March 9, 2017, Plaintiff filed a grievance regarding Corizon's policy, explaining how he suffered in fear, pain and depression. Plaintiff's grievance was not sustained due to his poor compliance with medication. Corizon also ignored Plaintiff's request for hormone replacement

therapy.

On March 10, 2017, Plaintiff submitted another medical request form regarding his medical issues. Plaintiff explained that he had attempted to remove his testicles with a floss loop and a razor. On the same day, Plaintiff complained of pain from his failed attempt. Plaintiff was seen by Defendant Vang and was told that he could not pursue gender affirming health care. Plaintiff alleges that on March 10 and 11, 2017, he carved into his chest and inner thighs "surgical marks" of what he wanted to fix. (ECF No. 1 at p. 4.)

On March 14, 2017, Plaintiff received notice that he was no longer ADA criteria and submitted a grievance directly to Defendant Moreno.

On March 17, 2017, Plaintiff was seen by Defendant Stribling, who stated that he was not qualified to evaluate Plaintiff and made a mistake on Plaintiff's appointment.

On March 27, 2017, Plaintiff alleges that he was a seen by a psych who was not qualified to help.

On March 31, 2017, Plaintiff filed another grievance asking to be evaluated by someone qualified for gender dysphoria and to receive treatment. Plaintiff asserted that he needed help and was being neglected. Plaintiff additionally asked to be seen by an OB-GYN.

On April 7, 2017, Plaintiff requested to be seen by a qualified psych for gender dysphoria. Plaintiff cut himself that week and contemplated cutting off his testicle again.

Claim One

In claim one, Plaintiff asserts that Corizon Health denied him necessary gender affirming care. To support this claim, Plaintiff alleges that from November 16, 2015 he expressed severe depression due to gender dysphoria and asked to receive gender affirming health care at every sick call. Plaintiff also spoke to Defendant Stribling about the issue numerous times, went to safety cells and spoke with Defendants Lucas and Crossman asking for treatment and was sent to medical to speak with Defendant Gonzales

Defendant Vang told Plaintiff that Corizon did not consider gender identity disorder a real thing, that it was not serious and that Plaintiff would not receive treatment unless he was on it before. Plaintiff alleges that every grievance came back with a not sustained reply, which

distorted Plaintiff's grievance procedure rights. Plaintiff alleges that Defendant Akioyame, Mehlhoff, Turk, Crossman, Horton, Duran, Moreno and Gattie never accurately or appropriately responded to Plaintiff's grievances and failed to address the issues.

Claim Two

In claim two, Plaintiff contends that Corizon Health and Fresno County Jail Staff/Administrators were deliberately indifferent to Plaintiff's serious medical needs. After expressing severe depression, jail officials indicated that Plaintiff could only receive treatment if Plaintiff was already on it and there was no one qualified at Corizon who could assist Plaintiff. Defendants Stribling, Horton, Vang and Crossman told Plaintiff they would not initiate hormone replacement therapy unless Plaintiff had a prescription "on the streets." Because of this, Plaintiff allegedly tried to castrate himself and commit suicide. On normal days, Plaintiff would cut himself.

In support of this claim, Plaintiff alleges that jail officials deliberately ignored his requests for gender identity disorder evaluation and did not accurately adhere to the issues identified in the grievances. Plaintiff asserts that defendants Akioyame, Gonzales, Mehlhoff, Stribling, Lucas, Turk, Yang, Turl, Crossman, and Qadam were deliberately indifferent when Plaintiff requested gender affirmative treatment. Plaintiff also asserts that other unknown employees ignored Plaintiff's requests for evaluation, even when Plaintiff brought the matter to Judge Hill, who issued an injunction that Plaintiff be given treatment.

Claim Three

In claim three, Plaintiff contends that jail staff violated his Eighth Amendment right to be kept safe from harm. In support of this claim, Plaintiff alleges that due to gender dysphoria and severe depression, he is at risk of harm from himself and others. Plaintiff expressed this in a letter to Defendant Mims on March 29, 2017. In every grievance, Plaintiff explained the severity of his depression due to his gender identity disorder. However, Defendants overlooked the content of his grievances. Plaintiff reported that he was suicidal. On days Plaintiff requested to be seen by a psych for crisis, Plaintiff was told to wait or put in a request. As a result, he would cut himself in the shower. Plaintiff also alleges that he left two pods (dorms) and asked an

5

officer to remove someone because of sexual assault. Although the jail adhered to Plaintiff's requests, Plaintiff was penalized twice, causing him to go into a safety cell.

As relief, Plaintiff seeks monetary damages and injunctive relief.

**III. Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is pro se, he will be given leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. Plaintiff's allegations are conclusory, lacking dates, names and other necessary factual information. Instead, Plaintiff's complaint details the filing of numerous grievances, but fails to provide the factual underpinnings of those grievances. In any amended complaint, Plaintiff should briefly and succinctly state what happened, when it happened and who was involved.

**B. Section 1983 Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress.

42 U.S.C. §1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to adequately link Defendants Akioyame, Mehlhoff, Turk, Qadam, Duran, Vegas, Moreno, Gattie and Mims to a constitutional violation. Insofar as Plaintiff seeks to hold these defendants liable based on their supervisory roles, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Although Plaintiff generally references a policy of Corizon Health, he does not identify the specific policy or the persons responsible for implementing such a policy. Plaintiff may not simply lump all defendants together in an attempt to impose liability against them.

///

**C. Medical Care**

Plaintiff alleges that his Eighth Amendment right to medical care was violated. At the time of the alleged incident, it is not clear whether Plaintiff was a pretrial detainee or serving a state court sentence. In any amended complaint, Plaintiff must clarify whether he was a pretrial detainee or serving a state court sentence while housed in the Fresno County Jail.

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016) (en banc). In *Guerra v. Sweeny*, 2016 WL 5404407 (E.D. Cal 2016) (Ishii, J.), the court extended Castro to an untreated medical needs case. The court determined that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at *3.

Regardless of the standard applied, Plaintiff fails to provide sufficient factual allegations to support a claim for inadequate medical care. Plaintiff does not plausibly allege a diagnosis of gender dysphoria prior to detention or that the services sought are medically indicated. Plaintiff also admits poor medication compliance and that he received various forms of assistance, including anti-depressant medication, evaluations, and placement in safety cells. Further, Plaintiff does not properly link the allegations in the complaint to named defendants. If Plaintiff forwards sufficient allegations and properly links defendants to those allegations, Plaintiff may

be able to state a cognizable claim for inadequate medical care.

**D. Failure to Protect**

Plaintiff also appears to allege that defendants failed to protect him from self-harm. The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an officer are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071.

Although Plaintiff asserts various instances of self-harm, including attempts at self-castration and suicide, along with cutting himself, Plaintiff fails to provide sufficient allegations to state a cognizable claim. Plaintiff does not link his allegations to a named defendant. Plaintiff also does not identify an intentional decision by a specific defendant that placed him at substantial risk of suffering serious harm or that a specific defendant did not take reasonable available measure to abate that risk, causing Plaintiff's injuries. Plaintiff will be given leave to cure these deficiencies.

**E. Grievance Procedure**

Plaintiff cannot pursue any claims against staff relating to processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

**F. Injunctive Relief**

Plaintiff seeks injunctive relief in the form of gender affirming care, hormone therapy and psychological therapy. However, Plaintiff is no longer incarcerated at the Fresno County Jail. Instead, he has been transferred to Salinas Valley State Prison. As a result, his claim for

1 injunctive relief from defendants at the Fresno County Jail is now moot. *See Holt v. Stockman*, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

**IV.   Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. The Court will grant Plaintiff leave to amend to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

///

///

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 13, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE