# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED RICHARDSON,<br><br>          Plaintiff,<br><br>   v.<br><br>CORIZON HEALTH CARE, et al.,<br><br>          Defendants. | Case No. 1:17-cv-00684-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 14, 15)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.      Background

Plaintiff Jared Richardson ("Plaintiff"), also known as Janette Ryukuza Murakami, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action while detained in the Fresno County Jail.

On January 26, 2018, the Court screened Plaintiff's first amended complaint under 28 U.S.C. § 1915A, and found that it stated cognizable claims against Defendants Crossman and Vang for inadequate medical care in violation of the Fourteenth Amendment, but failed to state any other cognizable claims against any other defendants.  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of her willingness to proceed only on her cognizable claims.  (ECF No. 14.)  On February 16, 2018, Plaintiff notified the Court of her willingness to proceed only on her cognizable claims.  (ECF No. 15.)

///

1

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.    Allegations in Complaint**

Plaintiff is currently housed at Salina Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed in the Fresno County Jail. Plaintiff names the following defendants: (1) Corizon Health; (2) Mike Stribling, LMFT; (3) Edward Crossman, LMFT MH Supervisor; (4) Harold R. Turl, Ph.D, MHS; and (5) May Vang, Psychiatric RN.

While a pretrial detainee, Plaintiff made requests for medical care. Plaintiff alleges that Defendant Corizon did not take reasonable steps to provide medical care in violation of Plaintiff's Eighth and Fourteenth Amendment rights.

///

Beginning on November 16, 2015, Plaintiff filed health care requests attempting to obtain hormone replacement therapy. On December 18, 2015, Plaintiff filed a grievance seeking gender affirmative health care. The grievance came back sustained, but ignored Plaintiff's request for gender affirming health care. Plaintiff was informed that the reason it was ignored was because of a policy.

Plaintiff filed a grievance indicating that Plaintiff was under a lot of stress and wanted to speak to an official regarding medical mistreatment. Defendant Turl replied that it was against policy to initiate hormone replacement therapy, and it only could be continued. Plaintiff was not treated for gender dysphoria, but did see a psychiatrist.

On June 17, 2016, Plaintiff expressed in a grievance that depression and self-hatred caused Plaintiff to self-inflict pain.

On March 31, 2017, Plaintiff filed a grievance pleading to be evaluated by someone qualified to treat patients with gender dysphoria and to receive treatment. Plaintiff asked to be seen by an OBGYN. However, Edward Crossman spoke with Plaintiff on March 27, 2017. Mr. Crossman told Plaintiff there was nothing he could do. Plaintiff expressed that not receiving treatment caused mental and physical suffering. Plaintiff allegedly needed therapy, but defendants did not help.

On January 21, 2017, Plaintiff filed a healthcare request to be evaluated by a "psych." (ECF No. 13 at p. 4.) However, Plaintiff was not seen.

On February 22, 2017, during an ADA 30-day review, Plaintiff reported having not been seen by a psych, that Plaintiff's anti-depressants were not working, and that Plaintiff's anxiety and depression had worsened. Plaintiff requested a medication adjustment.

On March 7, 2017, Plaintiff requested to be evaluated for a serious medical need.

On March 9, 2017, Plaintiff filed a grievance concerning Corizon's policy and how Plaintiff suffered from a disconnect.

On March 10, 2017, Plaintiff submitted another medical request form. Plaintiff explained that she had attempted to remove her testicles with a floss loop and a razor. On the same day, Plaintiff complained of pain from the failed attempt. Plaintiff was seen by Defendant Vang, who

3

said Plaintiff would not be able to receive gender affirming health care. Instead of going into a safety cell, Defendant Vang released Plaintiff to return to Plaintiff's building. Plaintiff then carved into her and inner thighs "surgical marks" of what she wanted to fix. (ECF No. 13 at p. 5.) On March 10, 2017, Plaintiff cut into her breast and on March 11, 2017, Plaintiff cut into her thighs.

On March 14, 2017, Plaintiff received notice that she was no longer ADA criteria and submitted a grievance directly to Sergeant Moreno. Plaintiff filed an appeal, which was not sustained. Plaintiff attempted to get back on ADA status to receive medication to suppress depression.

On March 17, 2017, Plaintiff was seen by M. Stribling, who stated that he was not qualified to evaluate Plaintiff and made a mistake on Plaintiff's appointment.

As relief, Plaintiff seeks compensatory and punitive damages for the damage caused by medical malpractice.

## IV. Discussion

### A. Inadequate Medical Care

At the time of the alleged incident, Plaintiff was a pretrial detainee. The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. Cty. of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070–71 (9th Cir. 2016) (en banc). In Guerra v. Sweeny, 2016 WL 5404407 (E.D. Cal 2016) (Ishii, J.), the court extended Castro to an untreated medical needs case. The court determined that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant did not take

4

reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. Id. at *3.

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim for inadequate medical care against Defendants Crossman and Vang, but has not stated a cognizable medical care claim against the remaining defendants. With respect to Defendant Corizon, Defendant Turl and the asserted policy precluding the initiation of hormone replacement therapy, Plaintiff does not plausibly allege a diagnosis of gender dysphoria prior to detention or that the services sought were medically indicated. Further, although Defendant Turl did not initiate hormone replacement therapy, Plaintiff did receive treatment from a psychiatrist. With respect to Defendant M. Stribling, Plaintiff cannot assert a cognizable claim simply because Defendant Stribling indicated that he was not qualified to evaluate Plaintiff and made a mistake on the appointment. Plaintiff's complaint does not adequately allege that reasonable medical staff in Defendant Stribling's circumstances would have appreciated that there was a high degree of risk in not treating Plaintiff at that time or that the inability to treat Plaintiff or take reasonable steps to obtain medical care caused any injuries to Plaintiff.

**B.     Grievance Procedure**

Plaintiff also may not pursue any claims against staff relating to the processing and review of Plaintiff's inmate grievances. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that she was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**V.     Conclusion and Recommendation**

Plaintiff's first amended complaint states a cognizable Fourteenth Amendment claim for inadequate medical care against Defendants Crossman and Vang, but fails to state any other cognizable claims.

///

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed December 26, 2017, (ECF No. 13), for inadequate medical care in violation of the Fourteenth Amendment against Defendants Crossman and Vang; and

2. All other claims and Defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 21, 2018**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE