# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED RICHARDSON, | Case No. 1:17-cv-00684-LJO-BAM (PC) |
| Plaintiff, | ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED |
| v. | |
| CORIZON HEALTH CARE, et al., | (ECF No. 21) |
| Defendants. | **Deadline: June 12, 2018** |

**I.  Background**

Plaintiff Jared Richardson ("Plaintiff"), also known as Janette Ryukuza Murakami, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action while detained in the Fresno County Jail.

On January 26, 2018, the Court screened Plaintiff's first amended complaint under 28 U.S.C. § 1915A, and found that it stated cognizable claims against Defendants Crossman and Vang for inadequate medical care in violation of the Fourteenth Amendment, but failed to state any other cognizable claims against any other defendants. (ECF No. 14) Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Following Plaintiff's notification that she agreed to proceed only on her cognizable claims, (ECF No. 15), the Court ordered service to be initiated against Defendants Crossman and Vang, and further issued findings and recommendations that the remaining claims be dismissed,

1

(ECF Nos. 16, 17). The findings and recommendations were adopted in full by the assigned District Judge on March 19, 2018. (ECF No. 18.)

On March 26, 2018, the United States Marshal was ordered to serve process on Plaintiff's behalf. (ECF No. 20.) The United States Marshal emailed waivers of service of summons to Defendants Crossman and Vang on April 13, 2018. On May 31, 2018, the waivers were returned executed. (ECF No. 23.) Defendants' replies to the complaint are therefore due on or before June 12, 2018. Fed. R. Civ. P. 12.

Currently before the Court is Defendants' notice of waiver of answer pursuant to 42 U.S.C. § 1997e(g) and demand for jury trial, erroneously filed as Defendants' answer. (ECF No. 21.) Plaintiff has not had an opportunity to file a response, but the Court finds that none is necessary.

**II.     Discussion**

In their filing, Defendants give notice that they have elected not to file an answer to Plaintiff's operative complaint and instead give notice of waiver of their answer. (ECF No. 21.) Defendants further contend that, pursuant to 42 U.S.C. § 1997e(g)(1), their waiver shall not be construed as an admission as to the putative truth of Plaintiff's allegations or a waiver of affirmative defenses. Finally, Defendants request a trial by jury.

As noted above, in its January 26, 2018 screening order, the Court considered whether Plaintiff's claims for inadequate medical care in violation of the Fourteenth Amendment against Defendants Crossman and Vang, as alleged in the first amended complaint, were frivolous, malicious, fail to state a claim, or solely seek monetary relief from a defendant who is immune. (ECF No. 14) See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court also considered whether Plaintiff has a reasonable opportunity to prevail on the merits of these claims. See 42 U.S.C. § 1997e(g). The Court again considered Plaintiff's claims in its February 22, 2018 findings and recommendations, which were adopted by the assigned District Judge following a *de novo* review of the case. (ECF Nos. 16, 18.)

The Court has determined that dismissal of Plaintiff's claims is not appropriate at this time, and Defendants must respond to these claims. See 42 U.S.C. § 1997e(g)(2) (while a

defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that a plaintiff has a "reasonable opportunity to prevail on the merits," a defendant is required to respond).

Defendants' notice of demand for a jury trial is noted for the record.

**III.   Conclusion and Order**

Accordingly, Defendants Crossman and Vang are HEREBY ORDERED to show cause why default should not be entered against them, or to file a response to Plaintiff's first amended complaint, on or before **June 12, 2018**.

IT IS SO ORDERED.

Dated:   **June 1, 2018**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE